# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

GLORIA SUN JUNG YUN,

    Debtor.

No. 3:18-cv-00458

No. 3:18-cv-00459

(JUDGE CAPUTO)

Chapter 7

Bankruptcy Case No. 5:17-bk-05297

## **MEMORANDUM**

Presently before this Court is a Motion to Extend Time to File Designation of Record and Statement of Issue (No. 3:18-cv-00458, Doc. 3), Motion to Extend Time to File Designation of Record, (No. 3:18-cv-00458, Doc. 7) two Motions for Transcripts (No. 3:18-cv-00458 Doc. 6; No. 3:18-cv-00459, Doc. 5), and a Motion for Extension of Time to File Designation of Record (No.3:18-cv-00459, Doc. 6) filed by Appellant Gloria Sun Jung Yun ("Appellant"). Because Appellant's claims on appeal are frivolous, all of the above motions will be denied.

## I. Background

On September 21, 2017, Appellant filed for involuntary bankruptcy. (No. 3:18-cv-00458, Doc. 1 at 2; No. 3:18-cv-00459, Doc. 1 at 2). Appellant claims she sustained "body fractures" from an accident the next day, September 22, 2017. *Id.* On September 25, 2017, the Bankruptcy Court ordered Appellant to pay a $335 filing fee by December 4, 2017. During this time, Appellant claims to have been confined to a wheelchair while recovering from her injuries. *Id.*

Appellant filed a motion for an emergency hearing pertaining to this filing fee some time in the end of November of 2017. *Id.* On December 6, 2017, Appellant attended a hearing before Bankruptcy Judge John J. Thomas, who demanded payment of the filing fee by the end of the day. *Id.* Appellant asked Judge Thomas to either waive the filing fee or for the Bankruptcy Clerk to accept a promise to pay. *Id.* Judge Thomas told Appellant that she needed to pay the fee in commercial paper. *Id.* After the hearing, Appellant tried to offer the clerk a promise to pay, which was refused. *Id.* Appellant then tried to file a petition to transfer her bankruptcy case from involuntary to voluntary. *Id.* at 3. Judge Thomas dismissed Appellant's bankruptcy case at the end of the day for failure to pay the filing fee. *Id.* The next day, December 7, 2017, Appellant filed a petition for Judge Thomas's recusal. *Id.* at 4.

On December 28, 2017, Appellant filed for voluntary bankruptcy. Shortly thereafter, on January 6, 2018, Appellant booked a trip to California for March 6, 2018 through March 12, 2018 to attend a family function. *Id.* at 5. Appellant was notified on January 16, 2018 that a creditor meeting was scheduled for March 7, 2018. *Id.* In response, Appellant filed a request to reschedule the meeting, which was denied in an order issued by Judge Thomas on January 30, 2018. *Id.* The next day, January 31, 2018, Appellant filed a second request to reschedule the meeting. *Id.* The day after that, February 1, 2018, Appellant filed a second petition requesting the recusal of Appellee. *Id.* At some point, Judge Thomas told Appellant that scheduling creditor meetings was not his responsibility, but instead that of the U.S. Trustee. *Id.* On February 5, 2018, Judge Thomas sent a letter asking the U.S. Trustee to reschedule the creditor's meeting. *Id.*

Appellant attended a hearing before Judge Thomas on February 8, 2018 to address her second petition for recusal and her request for fee waiver in her voluntary bankruptcy case. *Id.* Judge Thomas denied her petition for recusal. *Id.* Appellant claims the basis for the denial was over a disagreement about whether "GLORIA SUN JUNG YUN is a trust entity" and argues his rulings did not "constitute a valid basis for

2

bias or partiality motion." *Id.* at 1. Judge Thomas also denied her request for fee waiver on the ground that "GLORIA SUN JUNG YUN is known as a trust by Congressional record." *Id.* at 4.

On February 26, 2018, Appellant filed two identical notices of appeal in this Court, arguing that Judge Thomas should be recused. *Id.* These notices were given separate case numbers, ECF Nos. 3:18-cv-00458 and 3:18-cv-00459, but because they are identical, they will be addressed together. On March 16, 2018, Appellant's Motion for Leave to Appeal *In Forma Pauperis* was granted by the Bankruptcy Court. (No. 3:18-cv-00458, Doc. 5).

## II. Discussion

### A. Motions for Transcripts

An individual who has been permitted to file an appeal *in forma pauperis* may have her transcript fees paid for by the United States if the "trial judge or circuit court judge certifies that the appal is not frivolous (but presents a substantial question)." 28 U.S.C. § 735(f). On April 3, 2018, Appellant filed a Motion for Transcripts, requesting a waiver of her transcript fees. (No. 3:18-cv-00458, Doc. 6; No. 3:18-cv-00459, Doc. 6).

As noted above, Appellant was granted leave to appeal *in forma pauperis* on March 16, 2018. (No. 3:18-cv-00458, Doc. 5). Appellant must additionally demonstrate that her Appeals are not frivolous. 28 U.S.C. § 735(f). In the bankruptcy context, a person making representations to the court certifies "the claims, defenses, and other legal contentions are therein warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" FED. R. BANKR. P. 9011(b)(2).

Appellant argues recusal is proper because Judge Thomas is biased against her and seeks to injure her in the future, and is therefore unable to be impartial. (No.3:18-cv-00458 Doc. 1; No. 3:18-cv-00459 Doc. 1); *see also* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any

3

proceeding in which his impartiality might reasonably be questioned." ). The Third Circuit's test for recusal under 28 U.S.C. § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citing *Edelstein v. Wilentz*, 8212 F.2d 128 (3d Cir. 1987)). A judge's "rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994).

Appellant's claims that Judge Thomas is biased and partial against her are based on both his dismissal of her involuntary bankruptcy case for failure to pay the filing fee and his decision against waiving the filing fee in her voluntary bankruptcy case. (No. 3:18-cv-00458, Doc. 1 at 3-4; No. 3:18-cv-00459, Doc. 1 at 3-4). Her Appeals level serious allegations against Judge Thomas, including "[Judge Thomas] actually means for Appellant to drag her disable *[sic]* body and labor to earn the Federal Reserve notes to accommodate the court. . . . This is a slavery demanded by judge Thomas." *Id.* Appellant has offered no facts to support this assertion except that Judge Thomas did not rule in her favor on the issue of filing fees. Indeed, Appellant acknowledges her claim of bias and partiality is based on "judge Thomas's aggressive ruling." *Id.* Accordingly, a reasonable person with knowledge of the facts of this case would not question Judge Thomas's partiality, given that his alleged impartiality is based solely on the adverse outcomes of his decisions in her bankruptcy proceedings. Appellant's Appeals are therefore frivolous and her Motions for Transcripts will be denied.

**B.  Motions for Extension of Time**

Appellant has filed Motions for Extension of Time to file various required documents including her designations of the record and statements of issues. (No. 3:18-cv-00458, Docs. 3, 7; No. 3:18-cv-00459, Doc. 6). Because I find her Appeals frivolous, as discussed above, Appellant's Motions for Extension of Time will be denied.

## IV. Conclusion

For the above stated reasons, Appellants Motions for Transcripts and Motions for Extension of Time will be denied and her cases will be dismissed as frivolous.

An appropriate order follows.

 October 11, 2018  
Date

 /s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge